UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC.,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>JOHN DOES 1 through 9,<br><br>　　　　　　Defendants. | CASE NO. 12cv1437-BTM (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EARLY DISCOVERY**<br><br>[DOC. NO. 4] |

　　　Before the Court is Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference. (Doc. No. 4) Having reviewed the motion and supporting documents, and having considered the requirements of the Cable Act, 47 U.S.C. § 551, Plaintiff's Motion for Early Discovery is **GRANTED**.

### Background

　　　The instant motion was filed on June 15, 2012. On June 13, 2012, Plaintiff filed its complaint alleging that the nine John Doe defendants engaged in alleging direct and contributory copyright infringement of a protected work. According to the complaint, the protected work was downloaded shared to and through these defendants using BitTorrent technology. (Doc. No. 1). Plaintiff claims to have identified the Internet Protocol ("IP") addresses of the John Doe defendants allegedly involved in the infringing activity and, using publicly available search tools, has traced the IP addresses to

physical addresses within this District and has identified the Internet Service Provider ("ISP") which leased the involved IP addresses to subscribers. (Doc. No. 4-3).

### Legal Standard

Federal Rule of Civil Procedure 26(d) states:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In the instant case, Plaintiff may only use expedited discovery by court order. In this Circuit, courts must find "good cause" to determine whether to permit discovery prior to the Rule 26(f) conference. Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *See, e.g.*, *Arista Records, LLC v. Does 1-43,* 2007 WL 4538697 *1 (S.D. Cal. 2007).

In infringement cases involving the Internet, good cause is often found by the courts where the party seeking expedited discovery of a Doe defendant's identity establishes the following:

1. A prima facie case of infringement;
2. That there is no other way to identify the Doe defendant; and,
3. That there is a risk that the ISP will destroy its logs prior to the Rule 26(f) conference.

*See UMG Recordings, Inc. v. Doe,* 2008 WL 4104214 *4 (N.D. Cal. 2008). In *UMG* the court said:

> "[I]n considering 'the administration of justice,' early discovery avoids ongoing continuous harm to the infringed party and there is no other way to advance the litigation. As for the defendant, there is no prejudice where the discovery

request is narrowly tailored to only seek their identity."

(citations omitted).

This Court has reviewed the allegations of the complaint and finds that the Plaintiff has alleged a prima facie case of direct and contributory copyright infringement against the Doe defendants. Plaintiff also has alleged that it cannot identify these defendants without early discovery from the ISP and that early discovery is necessary because the ISP is not required to maintain its logs for any set period of time and may destroy them in the ordinary course of business.

Finally, this Court must consider the requirements of the The Cable Privacy Act, 47 U.S.C. §551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case is a cable operators within the meaning of the Act.

This Court finds that Plaintiff has made the required showing to obtain discovery prior to the Rule 26(f) conference. Plaintiff seeks discovery of the name, address, telephone number, electronic mail address and MAC address (a code that identifies a particular computer on a network) of the subscribers of the suspect IP addresses. This Court finds that it is appropriate for Plaintiff to discover only the name, physical address and MAC address for the subscribers and **GRANTS** the motion to that extent. Insofar as Plaintiff's motion seeks telephone numbers and electronic mail addresses, it is **DENIED**.

**IT IS HEREBY ORDERED** that:

1. Plaintiff may obtain and serve subpoenas under Fed.R.Civ.P. 45 to Cox Communications in order solely to obtain the names, street addresses and MAC

addresses of subscribers using the nine IP addresses identified in Exhibit A attached to Plaintiff's motion at the precise dates and times identified therein. (Doc. No. 4-3). The identified ISP shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber that his/her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure to the Plaintiff by filing an appropriate pleading with this court contesting the subpoena. The ISP, if it intends to move to quash the subpoena, must do so prior to the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, the ISP must preserve the information sought by Plaintiff pending resolution of the motion or challenge.

2. Plaintiff may only use the information disclosed pursuant to these subpoenas exclusively in pursuing this litigation.

3. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to the named ISP. The ISP, in turn, must provide a copy of this Order along with the required notice to any subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED:**

DATED: July 9, 2012

*Mitchell D. Dembin* (signature)
Hon. Mitchell D. Dembin
U.S. Magistrate Judge