# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br> vs. <br><br> JOHN DOES, 1 through 9, <br><br> Defendants. | CASE NO.  12cv1437-BTM (MDD) <br><br> ORDER DENYING DOE #9's MOTION TO QUASH <br><br> [ECF NO.  7] |

On August 23, 2012, Defendant Doe #9 filed a Motion to Quash a subpoena issued in connection with this case.  (ECF No. 7).  Plaintiff responded in opposition on September 4, 2012.  (ECF No. 9).  At issue is a document subpoena to third-party Cox Communications to obtain subscriber information for certain Internet Protocol addresses.  (*See* ECF No. 5).  The subpoena was issued pursuant to Fed.R.Civ.P. 45 in the Northern District of Georgia, the headquarters of Cox Communications, and called for the production of documents at the offices of counsel for Plaintiff in the Central District of California.  (ECF No. 9-2).  In the end, the Court is faced with a motion to quash filed in the wrong district court challenging a facially deficient subpoena.

Defendant Doe #9 argues that the subpoena is procedurally deficient because it requires the third party to produce documents more than 100 miles away in contravention of Rule 45(b)(3)(ii).  Defendant Doe #9 also asserts that the subpoena

1 should be quashed because it requires of the production of "a trade secrete [sic] or
2 other confidential research, development or commercial information."  (ECF No. 7).

3      Plaintiff contends that the motion should be denied because it was required to
4 be brought in the issuing district, that Plaintiff lacks standing and that the
5 subscriber information requested by the subpoena cannot constitute a trade secret or
6 other commercial confidential information.  (ECF No. 9).

7      Rule 45(b)(3) provides that a motion to quash or modify a subpoena be brought
8 in the issuing district.  The subpoena was issued in the Northern District of Georgia.
9 Plaintiff is correct that this motion should have been filed in that court.

10      In reviewing the motion papers, however, it is obvious that the subpoena is
11 procedurally deficient, although not for the reasons suggested by Defendant.
12 Defendant, relying on Rule 45(b)(3)(ii), argues that the subpoena is deficient because
13 it requires a non-party to travel more than 100 miles.  Defendant is wrong on that
14 score; Rule 45(b)(3)(ii) only applies when a personal appearance of a non-party is
15 required.  The instant subpoena calls only for the production of documents which
16 does not implicate the 100 mile rule.

17      Nevertheless, the subpoena is facially deficient.  Rule 45(a)(2)(C) requires that
18 document subpoenas to third parties be issued from the district "where the
19 production . . . is to be made."  Production refers to the delivery of documents, not
20 their retrieval.  *Orthoflex, Inc. v. Thermotek, Inc.*, 2012 WL 1038801 *3 (D. Ariz.
21 March 28, 2012).  The instant subpoena required the production of documents in the
22 Central District of California.  Consequently, if the third party was amenable to
23 service there, that is where the subpoena should have been issued.  If the non-party
24 is not amenable to service there, the subpoena properly could have been obtained in
25 the Northern District of Georgia but only if production also was to occur there.  A
26 Rule 45 subpoena *duces tecum* issued in the Northern District of Georgia cannot
27 lawfully require production in the Central District of California.  As it stands, the
28 subpoena is unenforceable.

1    This issue previously has been addressed with this Plaintiff.  In *Patrick Collins, Inc., v. John Does 34-51*, Case No. 11cv2143-BEN (MDD), at ECF No. 39, this Court addressed the identical violation of Rule 45 regarding a different service provider. This Court made it clear to Plaintiff, instant counsel was co-counsel in that case, that Rule 45 required that a subpoena *duces tecum* issued to a third party must be obtained where the documents are to be produced. *Id.*

  Consequently, the Court is faced with a motion to quash filed in the wrong district challenging an unenforceable subpoena.  But, jurisdiction before this Court is lacking.  Defendant's motion must be denied on that basis.  If Defendant Doe #9 wishes to continue to challenge the production of documents pursuant to this subpoena, a proper motion should be filed in the Northern District of Georgia. Defendant may request that court to refer the matter back to this court.  Plaintiff is ordered to serve a copy of this Order upon Cox Communications.  Any production of documents required by the instant subpoena is stayed until September 21, 2012, to allow for Defendant Doe #9 to file an appropriate motion in the Northern District of Georgia and seek a further stay from that court.

  IT IS SO ORDERED.

DATED: September 6, 2012

Hon.  Mitchell D.  Dembin
U.S. Magistrate Judge